IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM FLOYD CRUDUP | * | |
| Petitioner, | * | |
| | | Civil Action No. RDB-12-191 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| | | Criminal Action No. RDB-06-387 |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

The *pro se* Petitioner William Floyd Crudup ("Crudup") filed a Motion for Reduction of Sentence under Federal Rule of Civil Procedure 60(b) (ECF No. 61). Crudup was originally sentenced to a prison term of 132 months, with three years of supervised release, for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841 (ECF No. 60). In his Motion for Reduction of Sentence, Crudup argues that he was improperly considered a career offender for sentencing purposes, and that his sentence should be reconsidered in light of the Fair Sentencing Act of 2010.[1]

Because Crudup's Motion for Reduction of Sentence challenges the validity of his sentence, this Court issued an Order on June 13, 2012, explaining its intent to recharacterize the Motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 62). In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court held that a district court may recharacterize a *pro se* litigant's motion as a first § 2255 motion so long as

---

[1] The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, amended the Federal Sentencing Guidelines to address the disparity between powder and crack cocaine offenses.

1

the court notifies the litigant of its intent to recharacterize the pleading, "warn[s] the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide[s] the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 383. The Court in *Castro* acknowledged that recharacterization of a pleading may be appropriate to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id.* at 381-82.

In this case, recharacterization of Crudup's Motion for Reduction of Sentence is proper, because the substance of Crudup's claim is the type of legal challenge meant for a Motion to Vacate. *See* Order, ECF No. 62. Accordingly, this Court, in its Order of June 13, 2012, notified Crudup of its intent to recharacterize his Motion, warned him of the implications of the recharacterization, and gave him thirty days to show cause why this Court should not proceed on that basis. *See Castro*, 540 U.S. at 383. Crudup did not respond to this show cause order. For these reasons, this Court now construes his Motion for Reduction of Sentence (ECF No. 61) as a Motion to Vacate pursuant to 28 U.S.C. § 2255.

In the June 13, 2012, Order, this Court also acknowledged that Crudup's Motion, if construed as a Motion to Vacate, would be time-barred.[2] Crudup was granted thirty days to show cause why his Motion to Vacate should be considered timely or, in the alternative, why

---

[2] Crudup was sentenced on April 3, 2008. Because no appeal was taken, his judgment became final ten days after its entry. *See* Fed. R. App. P. 4(b); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir.) (holding that where there is no appeal of a federal conviction, the conviction becomes final for purposes of § 2255 upon expiration of the ten-day period for filing a direct appeal); *accord Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Thus Crudup's one-year limitation period for filing a writ of habeas corpus expired on or about April 13, 2009. *See* 28 U.S.C. § 2244(d)(1). His Motion to Vacate was not filed until January 13, 2012. *See* Mot., ECF No. 61.

principles of equitable tolling should apply. *See* Order, ECF No. 62. Crudup did not respond to this show cause order. Because Crudup offers no reason to consider his Motion to Vacate timely, this Court DENIES the Motion as untimely. *See* note 2 *supra*.

It is worth noting, however, that Crudup has already received relief from his original sentence. For good cause shown, this Court granted Crudup's Motion for Sentence Reduction, based on the application of the Fair Sentencing Act. *See* Order Reducing Sentence, ECF No. 71. Crudup's sentence of imprisonment was thereby reduced to time served on August 15, 2012, and he is currently serving three years of supervised release in accordance with his original judgment. *See id.* As a result, Crudup has received the relief under the Fair Sentencing Act that he sought in his Motion to Vacate (ECF No. 61).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate (ECF No. 61) is DENIED. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED as to him.

A separate order follows.

Dated: May 2, 2013  _____/s/_____
Richard D. Bennett
United States District Judge